IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02656-BNB

ALVIN SMITH,

    Applicant,

v.

WARDEN MICHAEL MILLER,

    Respondent.

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

    Applicant, Alvin Smith, is a prisoner in the custody of the Colorado Department of Corrections at the Crowley County Correctional Facility in Olney Springs, Colorado. Mr. Smith filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 asking to be released from custody.

    The court must construe the application liberally because Mr. Smith is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Smith will be ordered to file an amended application if he wishes to pursue any habeas corpus claims challenging the execution of his sentence in this action.

    Mr. Smith asserts four numbered claims for relief in the application, but he fails to provide a clear statement of each claim he is asserting. First, Mr. Smith fails to identify within each claim the specific federal constitutional right that allegedly has been

violated. Habeas corpus relief is warranted only if Mr. Smith "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Second, Mr. Smith fails to provide specific factual allegations in support of the claims he is asserting that demonstrate his constitutional rights have been violated and that he is entitled to habeas corpus relief. Although the court must construe the application liberally, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Finally, Mr. Smith may not challenge the validity of his conviction or sentence in this action because he has filed a separate habeas corpus action pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction and sentence. *See Smith v. Miller*, No. 13-cv-02081-BNB (D. Colo. filed Aug. 5, 2013). In the instant habeas corpus action pursuant to 28 U.S.C. § 2241, Mr. Smith may assert only claims that challenge the execution of his sentence. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000).

For these reasons, Mr. Smith must file an amended application that clarifies the claims he is asserting if he wishes to pursue those claims in this action. Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, which apply to this habeas corpus action pursuant to § 2241, Mr. Smith must identify the specific federal constitutional claims he is asserting and he must provide specific factual allegations in support of those claims. These habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to

assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'"  *Id.* at 656 (quoting 28 U.S.C. § 2243). Naked allegations of constitutional violations are not cognizable in a habeas corpus action.  *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Accordingly, it is

ORDERED that, **within thirty (30) days from the date of this order**, Mr. Smith file an amended application that clarifies the claims he is asserting in this action.  It is

FURTHER ORDERED that Mr. Smith shall obtain the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Smith fails within the time allowed to file an amended application as directed, the action will be dismissed without further notice.

DATED December 2, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge