IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02656-BNB

ALVIN SMITH,

    Applicant,

v.

WARDEN MICHAEL MILLER,

    Respondent.

## ORDER OF DISMISSAL

    Applicant, Alvin Smith, is a prisoner in the custody of the Colorado Department of Corrections at the Crowley County Correctional Facility in Olney Springs, Colorado. Mr. Smith initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) asking to be released from custody. On December 2, 2013, Magistrate Judge Boyd N. Boland ordered Mr. Smith to file an amended application that clarifies the claims he is asserting. Magistrate Judge Boland directed Mr. Smith to identify the specific federal constitutional claims he is asserting and to provide specific factual allegations in support of each asserted claim. Magistrate Judge Boland advised Mr. Smith that habeas corpus relief is warranted only if he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Magistrate Judge Boland also noted that the pleading rules applicable to a habeas corpus action are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading, *see Mayle v. Felix*, 545 U.S.

644, 655 (2005), and that naked allegations of constitutional violations are not cognizable in a habeas corpus action, *see Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).  On December 26, 2013, Mr. Smith filed an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 10) asserting four claims for relief.

The Court must construe the amended application liberally because Mr. Smith is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the action.

The Court has reviewed the amended application and finds that Mr. Smith still fails to provide a clear statement of any federal constitutional claims.  With respect to claims one and four in the amended application, Mr. Smith fails to identify the federal constitutional rights that allegedly have been violated and he fails to allege specific facts in support of those claims.

Mr. Smith does refer to denials of due process in his second and third claims for relief.  However, claims two and three in the amended application relate to the validity of the sentence Mr. Smith is serving rather than the execution of his sentence.  As a result, claims two and three in the amended application may not be raised in this habeas corpus action pursuant to § 2241 and must be raised in a separate habeas corpus action pursuant to 28 U.S.C. § 2254.  *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000).  The Court notes that Mr. Smith previously filed a separate habeas corpus action pursuant to § 2254 challenging the validity of his conviction and sentence in La

Plata County District Court case number 03CR22 that was dismissed as barred by the one-year limitation period. *See Smith v. Miller*, No. 13-cv-02081-LTB (D. Colo. Dec. 23, 2013). Mr. Smith alleges in the amended application that he currently is serving the sentence imposed in La Plata County District Court case number 03CR22 (*see* ECF No. 10 at 1), and there is no indication that he has obtained authorization to file a second or successive application challenging the validity of that conviction and sentence. Therefore, the Court lacks jurisdiction to consider the merits of Mr. Smith's due process claims challenging the validity of his sentence in La Plata County District Court case number 03CR22. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam) (noting that district courts lack jurisdiction to consider the merits of claims asserted in a second or successive § 2254 application absent prior authorization from the appropriate court of appeals pursuant to 28 U.S.C. § 2244(b)(3)).

In summary, the instant action will be dismissed because Mr. Smith fails to assert clearly any violations of his federal constitutional rights with respect to the execution of the sentence he is serving and the Court lacks jurisdiction to consider his claims challenging the validity of his sentence. Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) and the amended

application (ECF No. 10) are denied and the action is dismissed without prejudice for the reasons specified in this order. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  10th  day of   January  , 2014.

BY THE COURT:

    s/Lewis T. Babcock    
LEWIS T. BABCOCK, Senior Judge
United States District Court